**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 24-CV-61661-DAMIAN/STRAUSS**

**ALLEN ROLLOCK,**

　　　Plaintiff,

v.

**GATE GOURMET, INC.,**

　　　Defendant.

_____/

**REPORT AND RECOMMENDATION**

THIS MATTER came before the Court upon Defendant's Motion to Tax Costs and Incorporated Memorandum of Law in Support of its Bill of Costs [DE 37] (the "Motion"). Pursuant to 28 U.S.C. § 636(b), Federal Rule of Civil Procedure 72, and the Magistrate Judge Rules of the Local Rules of the Southern District of Florida, the Motion has been referred to me to take all necessary and proper action as required by law. [DE 38]. I have reviewed the Motion, the attachments thereto, Plaintiff's Response [DE 39], and all other pertinent portions of the record. Defendant has not filed a reply, and the deadline to do so has passed. For the reasons discussed herein, I respectfully **RECOMMEND** that the Motion be **GRANTED IN PART and DENIED IN PART**, with the Court awarding Defendant taxable costs in the amount of **$2,615.74**.

**LEGAL STANDARD**

"Unless a federal statute, [the Federal Rules of Civil Procedure], or a court order provides otherwise, costs . . . should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). "[T]here is a strong presumption that the prevailing party will be awarded costs" under Rule 54. *Yellow Pages Photos, Inc. v. Ziplocal, LP*, 846 F.3d 1159, 1166 (11th Cir. 2017) (quoting *Mathews v. Crosby*, 480 F.3d 1265, 1276 (11th Cir. 2007)). While a trial court has some discretion in deciding

whether to award costs, such discretion is limited. *Id.* A decision to deny full costs must be supported by a sound reason. *Id.* (citing *Chapman v. AI Transp.*, 229 F.3d 1012, 1039 (11th Cir. 2000)).

Nevertheless, the presumption favoring an award of costs generally applies to only those costs that are taxable under 28 U.S.C. § 1920. *Id.* (citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441 (1987)). In other words, a court's discretion to award costs under Rule 54 is limited by the categories of taxable costs specified in § 1920. *Id.* (citing *Arcadian Fertilizer, L.P. v. MPW Indus. Servs. Inc.*, 249 F.3d 1293, 1296 (11th Cir. 2001)). Section 1920 specifically permits the taxation of the following costs:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

## **ANALYSIS**

On December 29, 2025, the Court entered the Order Granting Defendant's Motion for Summary Judgment [DE 35], concluding that Defendant was entitled to judgment as a matter of law. Specifically, the Court found that Plaintiff had failed to exhaust administrative remedies. *Id.* at 14. The Court further found that, even assuming Plaintiff had exhausted his administrative remedies, "the undisputed record evidence is clear that Gate Gourmet had legitimate reasons for

its decision to terminate Rollock, which Rollock has not rebutted," and that Plaintiff had "failed to come forward with evidence sufficient to create a triable issue of fact" on his hostile-work-environment claim. *Id.* at 31. Consequently, the Court entered a Final Judgment [DE 36] in favor of Defendant, which states that Plaintiff shall take nothing by this action. Thus, Defendant is clearly the prevailing party, and Plaintiff does not appear to argue otherwise. Therefore, Defendant is entitled to an award of taxable costs.

Pursuant to the Motion, Defendant seeks an award of the following costs:

| Description | Amount |
|---|---|
| Removal Fees (Fees of the Clerk) | $405.00 |
| Court Reporter & Transcript | $1,407.45 |
| Fees for Service of Subpoenas | $715.00 |
| Costs Incurred in Obtaining Copies | $198.04 |
| **Total** | **$2,725.49** |

Plaintiff raises objections as to each specific category of costs, taking issue with the extent to which Defendant has shown (or not shown) that its costs were "reasonably necessary for use in the case." [DE 39]. However, Plaintiff also makes an overarching argument that the Court should exercise its discretion to deny or reduce costs because taxing costs against him would be "inequitable." *Id.* at 2-3, 7. I first address Plaintiff's argument that the Court should exercise discretion and deny or reduce costs as "inequitable" and then turn to addressing each category of costs individually.

### A. Equitable Arguments

Plaintiff's equitable arguments fail. Plaintiff asserts that the Court has discretion to deny or reduce fees, citing to *Chapman*, and argues that "the Court's summary judgment ruling does not render his claims frivolous, unreasonable, or brought in bad faith." [DE 39] at 3. Plaintiff later argues, in a fairly perfunctory fashion, that the Court should consider that he brought "non-frivolous civil rights claims," that the case was resolved at summary judgment, that Plaintiff is an

individual litigant whereas Defendant is a large corporate entity, and that taxing costs "would impose a financial burden on Plaintiff and could have a chilling effect on future civil rights plaintiffs." *Id.* at 7.  However, Plaintiff overstates the extent of the Court's discretion and fails to carry his own burden in supporting the factors the Court can consider.

As stated above, Rule 54(d) establishes "a presumption that costs are to be awarded to a prevailing party, but vests the district court with discretion to decide otherwise." *Chapman*, 229 F.3d at 1038.  However, the discretion to reduce or deny costs "is not unfettered, since denial of costs is in the nature of a penalty for some defection on the prevailing party's part in the course of the litigation." *Id.* at 1039 (citation modified).  In other words, as stated above, "[t]o defeat the presumption and deny full costs, a district court must have and state a sound basis for doing so." *Id.*

Plaintiff has not asserted any ill-behavior by Defendant that would warrant the kind of penalty described in *Chapman*.  Rather, Plaintiff argues that the Court should consider his ability to pay, the relative wealth of the parties, and the fact that he brought "non-frivolous" civil rights claims in good faith.  However, none of these arguments justify a reduction or denial of costs here.

Courts may consider a non-prevailing party's financial status in its award of costs. *Chapman*, 229 F.3d at 1039.  However, in doing so, a district court "should require substantial documentation of a true inability to pay." *Id.*  Plaintiff has not submitted any documentation (much less *substantial* documentation) of his financial condition.  "Moreover, when awarding costs a district court should not consider the relative wealth of the parties." *Id.*  Therefore, accepting Plaintiff's invitation to consider that he "is an individual litigant, while Defendant is a large corporate entity," [DE 39] at 7, would contravene binding Eleventh Circuit precedent.

As to Plaintiff's arguments that his claims were non-frivolous and brought in good faith, Plaintiff appears to be seeking to import the *Christiansburg* standard used to evaluate awards of

*attorney's fees* to prevailing Defendants in Title VII and other anti-discrimination statutes. *See Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978) ("[A] district court may in its discretion award attorney's fees to a prevailing defendant in a Title VII case upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith."). However, the Eleventh Circuit has never extended this standard to costs taxable under Rule 54(d), and numerous courts have held that it does not. *See Alvarez v. Sch. Bd. of Broward Cnty.*, No. 16-60310-CIV, 2016 WL 10518749, *1 (S.D. Fla. Nov. 21, 2016) (collecting cases); *see also Houghton v. SunTrust Bank, Inc.*, 403 F. App'x 458, 460 (11th Cir. 2010) ("Haughton's unsupported argument that the section 1981 violations alleged against Defendant afford him the right not to pay costs is meritless[.]"); *Lozman v. City of Riviera Beach*, 679 F. App'x. 979, 980 (11th Cir. 2017) (upholding, in a § 1983 case, district court's rejection of argument that it should deny costs because (*inter alia*) claims were litigated in good faith)); *Pickett v. Iowa Beef Processors*, 149 F. App'x 831, 832 (11th Cir. 2005) ("[G]ood faith and limited financial resources are not enough to overcome the strong presumption in favor of awarding costs to the prevailing party."). Indeed, Plaintiff fails to point to any cases employing the *Christiansburg* standard to an award of costs or suggesting that the Court can deny or reduce costs based solely on the fact that Plaintiff brought civil rights claims (and the alleged chilling effect on such claims that an award of costs would cause).

Therefore, the Court should decline Plaintiff's invitation to deny or reduce Defendant's taxable costs as an exercise of discretion based on equitable factors. The Court must, however, consider whether Defendant has demonstrated that its claims costs are taxable under 28 U.S.C. § 1920.

### B. Specific Costs

#### 1. Removal Fees

Defendant should be awarded the $405.00 it has requested for removal fees.  This cost is clearly taxable under § 1920(1) as "fees of the clerk."  *See, e.g.*, *Turner v. Rocket Mortgage, LLC*, No. 22-CV-23028, 2024 WL 2883263, at *4 (S.D. Fla. Apr. 19, 2024) (collecting cases), *report and recommendation adopted*, 2024 WL 2880739 (S.D. Fla. June 7, 2024).

Plaintiff does not really argue otherwise.  Instead, he observes that Defendant "made the strategic decision to remove the case to federal court" for its own perceived benefit and asserts that taxing removal costs against Plaintiff would therefore be "inequitable."  [DE 39] at 3.  However, again, Plaintiff cites no authority for the proposition that the Court may deny an award of removal fees based on equitable considerations.  Therefore, the Court should award Defendant the $405 it seeks.

#### 2. Deposition Transcripts

Defendant should be awarded some, but not all, of the $1,407.45 it seeks for obtaining deposition transcripts of Plaintiff.  The taxing of costs is permitted for "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case."  28 U.S.C. § 1920(2).  Thus, deposition transcript costs are taxable if the transcripts were "necessarily obtained for use in the case."  *EEOC v. W&O, Inc.*, 213 F.3d 600, 621 (11th Cir. 2000); *see also Pronman v. Styles*, No. 12-80674-CIV, 2015 WL 6913391 (S.D. Fla. Nov. 10, 2015).  To satisfy the necessarily obtained requirement, a deposition must only appear to have been reasonably necessary when it was taken.  *See W&O*, 213 F.3d at 620-22; *Savino v. Federated L. Grp., PLLC*, No. 18-60956-CIV, 2019 WL 2008901, at *1 (S.D. Fla. Mar. 28, 2019); *Katz v. Chevaldina*, 127 F. Supp. 3d 1285, 1292 (S.D. Fla. 2015); *Pronman*, 2015 WL 6913391, at *1.  The party challenging the cost

6

has the burden of demonstrating that the specific deposition "was not necessary for use in the case or that the deposition was not related to an issue present in the case at the time of the deposition." *Pronman*, 2015 WL 6913391, at *1 (quoting *George v. Fla. Dep't of Corr.*, No. 07–80019–CIV, 2008 WL 2571348, at *5 (S.D. Fla. May 23, 2008)).

Here, the transcript at issue was for the deposition of Plaintiff, which, undoubtedly, was necessarily obtained for use in the case. *See* Def.'s Statement of Undisputed Material Facts in Supp. of Def.'s Mot. for Summ. J., [DE 20]. Indeed, Plaintiff does not appear to argue otherwise. Rather, Plaintiff asserts that Defendant's invoices reflect various expenses other than for the deposition transcripts themselves and that Defendant has not demonstrated that those expenses were reasonably necessary. [DE 39] at 4-5. Plaintiff is correct, in part.

Defendant's invoice for $1,407.45[1] consists of the following charges:

- $947.70 for the original transcript

- $350 in appearance fees (at a rate of $75 for the first hour and $55 for additional hours)

- $10 for a condensed transcript

- $25 for "litigation technology, support and security management"

- $25 for "transcript handling & processing"

- $49.79 for "video pages"

In addition to the $947.70 for the original transcript, the $350 for appearance fees should be awarded. "[C]ourts in this District are split on whether [court reporter] appearance fees are taxable costs." *Ramirez v. Rosalia's Inc.*, No. 20-CV-23270, 2023 WL 3619292, at *6 (S.D. Fla. May 23, 2023) (Damian, M.J.) (alterations in original) (quoting *Club Madonna, Inc. v. City of*

---

[1] The invoice also reflects finance charges/late fees of $211.12, which Defendant has apparently (and appropriately) removed from consideration.

*Miami Beach*, No. 16-25378-CIV, 2022 WL 16701244, at *3 (S.D. Fla. Oct. 12, 2022)). *Compare, e.g.*, *Joseph v. Nichell's Caribbean Cuisine, Inc.*, 950 F. Supp. 2d 1254, 1259 (S.D. Fla. 2013) ("[T]he $235 sought for the court reporter appearance fee for Plaintiff's August 8, 2012 deposition and the $75 court reporter appearance fee for attending and preparing a certificate of non-appearance for Plaintiff's scheduled July 30, 2013 deposition should be awarded as costs." (footnote omitted)), *with Rodriguez v. Marble Care Int'l, Inc.*, 862 F. Supp. 2d 1316, 1320 (S.D. Fla. 2012) ("Other fees of the court reporter, such as an appearance fee, are also generally not recoverable under § 1920."). "Nonetheless, '[t]he majority of courts in this district and the appellate courts which have addressed the issue have found that court reporter attendance fees are generally recoverable under § 1920(2).'" *Ramirez*, 2023 WL 3619292, at *6 (quoting *Rakip v. Paradise Awnings Corp.*, No. 10-20004-CIV, 2014 WL 12737632, at *6 (S.D. Fla. Jan. 2, 2014)). Moreover, the hourly rates charged by the court reporter here are reasonable. Therefore, the appearance fees should be awarded.

However, even though the cost of deposition transcripts is taxable when necessarily obtained for use in the case, certain costs are not recoverable. "Miscellaneous costs associated with deposition transcripts, such as shipping and handling, expedited delivery of transcripts, exhibit costs, or condensed transcripts, are not taxable because generally, they are incurred for convenience of counsel, as opposed to being necessarily obtained for use in the case." *Birren v. Royal Caribbean Cruises Ltd.*, No. 20-CV-22783, 2023 WL 319136, at *5 (S.D. Fla. Jan. 3, 2023), *report and recommendation adopted*, 2023 WL 315793 (S.D. Fla. Jan. 19, 2023); *see also Levesque v. Gov't Emps. Ins. Co.*, No. 15-14005-CIV, 2022 WL 1667409, at *3 (S.D. Fla. Mar. 5, 2022) (same); *Chase Bank USA, N.A. v. Jacucci*, No. 19-62318-CIV, 2021 WL 2689961, at *1 (S.D. Fla. Apr. 6, 2021) ("[T]he Court finds that [plaintiff's] claimed costs of $122.60 for

8

additional copies of exhibits to the deposition, the litigation support package, and electronic processing and delivery are not recoverable."); *RGF Env't Grp. v. Activ Tek Env't Corp.*, No. 08-80682-CIV, 2010 WL 3269982, at *3 (S.D. Fla. July 21, 2010), *report and recommendation adopted*, 2010 WL 3269976 (S.D. Fla. Aug. 18, 2010) (declining to award costs for "deposition exhibits, delivery charges, expedited fees, postage costs, condensed transcripts, ASCII disks, or copies of transcripts embedded in court reporter expense").

Defendant's expenses for a condensed transcript, litigation technology, support and security management, and transcript handling and processing all fall within the categories of expenses the above-cited cases have found are not taxable because they are generally incurred for the convenience of counsel.  It is unclear what the charge for "video pages" refers to or why that charge would be reasonably necessary for the case.  At the very least, Defendant has failed in its Motion (and lack of reply) to explain why any of these expenses were reasonably necessary for the case rather than for the convenience of counsel.  Therefore, Defendant's request should be reduced by $109.75, and the Court should only award $1,297.70 in association with the deposition transcript.

    3.   Fees for Service of Subpoenas

Defendant seeks $715 in costs for the service of eleven subpoenas.  The Court should award that amount.  Fees for service of a summons or subpoena by private process servers are taxable under § 1920(1).  *See* 28 U.S.C. § 1921; *W&O*, 213 F.3d at 623-24.  However, the service fee charged by a private process server may not exceed the amount charged by the U.S. Marshal.  *See W&O*, 213 F.3d at 624.  The Marshal charges $65 per hour for each item served (plus travel costs and any other out-of-pocket expenses).  28 C.F.R. § 0.114(a)(3).  Here, while Defendant's invoices reflect various higher amounts, Defendant only seeks $65 for each of the eleven subpoenas at issue.

Plaintiff objects that Defendant has not shown that the subpoenas were necessary or that the information obtained was used in the case.  He argues that "the number of subpoenas issued suggests that Defendant engaged in extensive third-party discovery that may have been cumulative or unnecessary" and that the expenses should not be taxed without further explanation.  [DE 39] at 6.  Plaintiff's argument lacks merit.

First, looking at the text of § 1920, it is unclear to what extent Defendant must demonstrate that its subpoenas, or the information obtained in response to them, were "reasonably necessary." Whereas subsections regarding transcript fees and copying fees explicitly require that such costs be "necessarily obtained for use in the case," the subsection for fees of the marshal does not contain such limiting language.  *See* 28 U.S.C. §§ 1920(1), (2), (4).  Regardless, Defendant's motion explained that these subpoenas went to "nine former or subsequent employers of Plaintiff and two entities that Plaintiff earned post-employment income from as an independent contractor" and asserted that "subpoenas directed to medical, employment, and insurance providers for the purpose of investigating plaintiff's allegations of physical injuries and loss of income are taxable under 28 U.S.C. § 1920."  [DE 37] at 3 (quoting *Brady v. Carnival Corp.*, No. 19-22989-CIV, 2021 WL 1988524, at *2 (S.D. Fla. Mar. 8, 2021), *report and recommendation adopted*, 2021 WL 1998316 (S.D. Fla. May 19, 2021)).  While Defendant could have provided a more fulsome explanation of why the records it sought from other employers bore on Plaintiff's claims or how it used (or intended to use) the records it received in response, Plaintiff has failed to respond with any specificity to Defendant's description of the purpose and nature of the subpoenas.  Instead, Plaintiff essentially lodges a perfunctory objection that Defendant must say more without any real explanation as to why.  Therefore, the Court should reject Plaintiff's objection and award Defendant's $715.

10

### 4.  Costs Incurred in Obtaining Copies

Finally, Defendant seeks $198.04 in costs incurred for obtaining copies of Plaintiff's social security earnings information and medical information. While Plaintiff concedes that photocopying costs are taxable under § 1920(4) as long as they were "necessarily obtained for use in the case," Plaintiff again objects that Defendant did not sufficiently explain why the copies were necessary.  [DE 39] at 6-7.  The Court should award Defendant's costs.

Defendant, again, provided a fairly limited explanation regarding the necessity of the copies.  It explained that the $123 of the incurred charges were to obtain records from the Social Security Administration to show Plaintiff's social security earnings and disability benefits, believing that such information evidence relevant to Plaintiff's duty to mitigate damages.  [DE 37] at 4.  It further explained that the remaining $75.04 were incurred in obtaining copies of medical records from health care providers, explaining that Plaintiff had disclosed these providers in discovery as someone "who treated him for a condition he claims Defendant created or aggravated."  *Id.*  Again, Plaintiff failed to engage with the substance of these explanations in any way, making only a perfunctory objection that Defendant needed to do more.   While Plaintiff is correct that Defendant has the burden of establishing that its copying costs were necessary, Plaintiff is well-positioned to provide context regarding the necessity of these records and push back on Defendant's explanations. Yet Plaintiff failed to do either, leaving Defendant's (admittedly limited) explanations unrebutted.  Therefore, the Court should award Defendant's copying costs.

Based on the findings above, Defendant is entitled to the following costs:

| Description | Amount |
|---|---|
| Removal Fees (Fees of the Clerk) | $405.00 |
| Court Reporter & Transcript | $1,297.70 |
| Fees for Service of Subpoenas | $715.00 |

| | |
|---|---|
| Costs Incurred in Obtaining Copies | $198.04 |
| **Total** | **$2,615.74** |

## CONCLUSION

For the reasons discussed above, I respectfully **RECOMMEND** that the Motion [DE 37] be **GRANTED IN PART and DENIED IN PART** and that the District Court award Defendant taxable costs in the amount of **$2,615.74**, plus interest under 28 U.S.C. § 1961.[2]

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Melissa Damian, United States District Judge.  Failure to timely file objections shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice.  *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1.

**DONE AND SUBMITTED** in Fort Lauderdale, Florida this 29th day of April 2026.

Jared M. Strauss
United States Magistrate Judge

---

[2] *See BankAtlantic v. Blythe Eastman Paine Webber, Inc.*, 12 F.3d 1045, 1052 (11th Cir. 1994) ("When a district court taxes costs against a losing party, the award of costs bears interest from the date of the original judgment." (quoting *Ga. Ass'n of Retarded Citizens v. McDaniel,* 855 F.2d 794, 799 (11th Cir. 1988))).

12